UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.

BONNIE LOETSCHER,

    Plaintiff,

v.

CRUISE OPERATOR, INC.
d/b/a BAHAMAS PARADISE
CRUISE LINE,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, BONNIE LOETSCHER, is a citizen and resident of the state of Florida.

2. Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, (hereinafter referred to as "CRUISE OPERATOR"), is a for profit corporation with its headquarters, principle address and principle place of business in Riviera Beach and/or Deerfield Beach, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant unilaterally inserts

a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

    a. Plaintiff demands a jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333.  See Lewis v. Lewis & Clark Marine, Inc., Etc., 531 U.S. 438 (2000) ("Trial by jury is [a] . . . remedy available to suitors under the saving to suitors clause of 28 USCS 1333(1), under which the Federal District Courts have original and exclusive jurisdiction of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.")

5. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

6. The Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

8. Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Grand Celebration*.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Grand Celebration*.

10. At all times material hereto, Defendant had exclusive custody and control of the vessel and the vessel was in navigable waters.

## COUNT I - NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material, Plaintiff was a paying passenger and lawfully aboard the vessel *Grand Celebration*.

12. At all times material, Defendant owed the Plaintiff a non-delegable duty to exercise reasonable care under the circumstances. The Defendant's duty encompassed and included the duty to maintain and operate the *Grand Celebration* in a reasonable and safe manner, to keep the floor surfaces and stairs free from wet, slippery, hazardous and dangerous conditions which could cause injury to its passengers, and to warn of and remedy dangerous conditions which it created, knew or should have known about in the exercise of reasonable care.

13. Alternatively, at all material times, Defendant CRUISE OPERATOR and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

14. On or about March 22, 2017, the Plaintiff was severely injured when she fell while descending stairs due to a dangerous and hazardous condition, including but not limited to wet and

slippery condition, inadequate lighting, insufficient and/or ineffective anti-slip strips and/or the presence of foreign substance on the steps which made them unreasonably slippery and slick.

15. These conditions were either knowingly created by Defendant and its employees or had been in place for a sufficient period of time so that the Defendant knew or should have known about them through the exercise of reasonable care.

16. Alternatively, Defendant, and/or its employees at all material times undertook to maintain the subject steps in question and/or keep them clean, dry and properly well lit, and as previously stated, thereby acquired a duty to exercise reasonable care in those undertakings.

17. Additionally, Defendant and/or its employees at all material times should have inspected the subject stairs for a hazardous condition under reasonably anticipated circumstances, such as the stairs becoming hazardously slippery when becoming wet, thereby providing notice to the Defendant of the hazardous condition.

18. On or about March 22, 2017, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

19. On or about March 22, 2017, the Plaintiff was injured, due to the fault and/or negligence of Defendant and/or its agents, servants, joint ventures and/or employees as follows:

   a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstance;

   b. Failure to provide reasonably safe place to walk;

   c. Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition;

   d. Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s);

   e. Failure to provide adequate lighting;

   f. Failure to provide a slip resistant stairs/floor;

g.  Failure to inspect the stairs/floor when taking control of the ship so as to adequately identify potential hazards to passengers under reasonably anticipated conditions before making those areas available to passengers to use;

h.  Failure to inspect the stairs/floor to determine coefficiency of friction when stairs/floor become wet before making the area available to passengers to use;

i.  Failure to routinely inspect the stairs/floors on a reasonably timely basis;

j.  Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards and sufficient lighting;

k.  Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall;

l.  Failure to warn its passengers, such as the Plaintiff, of the dangerous and/or hazardous condition(s) posed to her;

m.  Failure to warn the Plaintiff of the hazard(s) posed to her;

n.  Failure to warn the Plaintiff of the hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the area where he suffered his incident;

o.  Failure to mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her incident;

p.  Failure to correct the hazard(s) which caused Plaintiff to suffer her incident;

q.  Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her incident;

r.  Failure to promulgate and/or enforce adequate policies and/or procedures with regard to prevent slip/trip and fall incidents from occurring aboard Defendant's cruise ships, including but not limited to: *Grand Celebration*;

s.  Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident was corrected, modified, and/or eliminated, and/or;

t.  Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous condition(s);

u.  Failing to comply with industry standards and Defendant's standards for the appropriate slip resistance and/or coefficient of friction for the public flooring/stairs aboard vessels and sufficient lighting;

    v. Selecting, authorizing, approving, and/or tolerating a flooring that was not reasonably slip resistant and/or unreasonable slip resistant when contaminated with a foreign substance;

    w. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured when she fell on the subject stairs;

    x. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

20. At all times material, Defendant had exclusive custody and control of the *Grand Celebration*.

21. At all times material, Defendant violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

22. At all times material, Defendant failed to have an adequate Safety Management System Manual aboard the *Grand Celebration*, and/or failed to properly implement the Safety Management System Manual aboard the *Grand Celebration*.

23. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff slipping and falling on a wet, slippery and/or hazardous flooring surface while descending the stairs on Defendant's vessel.

24. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's

body and extremities, including but not limited to, multiple severe head and neck injuries, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    One Biscayne Tower, Suite 1776
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone No.: (305) 373-3016
    Facsimile No.: (305) 373-6204

By:  */s/ Jason R. Margulies*
    **JASON R. MARGULIES**
    Florida Bar No. 57916
    jmargulies@lipcon.com
    **JACQUELINE GARCELL**
    Florida Bar No. 104358
    jgarcell@lipcon.com