UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 18-cv-20808-KMW

BONNIE LOETSCHER,

    Plaintiff,

v.

CRUISE OPERATOR, INC. and
PARADISE CRUISE LINE OPERATOR LTD. INC., a/k/a
PARADISE CRUISE LINE OPERATOR LTD. d/b/a
BAHAMAS PARADISE CRUISE LINE,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, BONNIE LOETSCHER, is a citizen and resident of the state of Florida.

2. Defendant, CRUISE OPERATOR, INC., is a for-profit corporation with its headquarters, principle address and principle place of business in Florida. Defendant, CRUISE OPERATOR, INC., was formerly doing business as BAHAMAS PARADISE CRUISE LINE.

3. Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. a/k/a PARADISE CRUISE LINE OPERATOR LTD. d/b/a BAHAMAS PARADISE CRUISE LINE, is an entity with its principle place of business in Florida.

4. This matter is being filed pursuant to Defendant's(s') federal forum selection clause within the passenger ticket contract and, because there is no diversity among the parties, it is brought

under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant(s) unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division*, as opposed to any other place in the world.

    a. Plaintiff demands a jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).

6. Defendant(s), at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The cruise line ticket for Plaintiff requires that suit be brought in this Court against the named Defendant(s) in this action.

7. Defendant(s) is subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

9. Defendant(s), as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Grand Celebration*.

10. At all times material hereto, Defendant(s) owned, operated, managed, maintained and/or controlled the vessel, *Grand Celebration*.

11. At all times material hereto, Defendant(s) had exclusive custody and control of the vessel and the vessel was in navigable waters.

## COUNT I - NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, Plaintiff was a paying passenger and lawfully aboard the vessel *Grand Celebration*.

13. At all times material hereto, Defendant(s) owed Plaintiff a non-delegable duty to exercise reasonable care under the circumstances. The duty of Defendant(s) encompassed and included the duty to maintain and operate the *Grand Celebration* in a reasonable and safe manner, to keep the floor surfaces and stairs free from wet, slippery, hazardous and dangerous conditions which could cause injury to its passengers, and to warn of and remedy dangerous conditions which it created, knew or should have known about in the exercise of reasonable care.

14. Alternatively, at all times material hereto, Defendant(s) and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

15. On or about March 22, 2017, Plaintiff was severely injured when she fell while descending stairs due to a dangerous and hazardous condition, including, but not limited to, wet and slippery condition, inadequate lighting, insufficient and/or ineffective anti-slip strips and/or the presence of foreign substance on the steps which made them unreasonably slippery and slick.

16. These conditions were either knowingly created by Defendant(s) and its employees or had been in place for a sufficient period of time so that the Defendant(s) knew or should have known about them through the exercise of reasonable care.

17. Alternatively, Defendant(s) and/or its employees, at all times material hereto, undertook to maintain the subject steps in question and/or keep them clean, dry and properly well lit, and as previously stated, thereby acquired a duty to exercise reasonable care in those undertakings.

18. Additionally, Defendant(s) and/or its employees, at all times material hereto, should have inspected the subject stairs for a hazardous condition under reasonably anticipated circumstances, such as the stairs becoming hazardously slippery when becoming wet, thereby providing notice to the Defendant(s) of the hazardous condition.

19. On or about March 22, 2017, Defendant(s) and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

20. On or about March 22, 2017, Plaintiff was injured, due to the fault and/or negligence of Defendant(s) and/or its agents, servants, joint ventures and/or employees as follows:

    a. Failure to provide its passengers, such as Plaintiff, with reasonable care under the circumstance;

    b. Failure to provide reasonably safe place to walk;

    c. Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition;

d. Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s);

e. Failure to provide adequate lighting;

f. Failure to provide a slip resistant stairs/floor;

g. Failure to inspect the stairs/floor when taking control of the ship so as to adequately identify potential hazards to passengers under reasonably anticipated conditions before making those areas available to passengers to use;

h. Failure to inspect the stairs/floor to determine the coefficient of friction when stairs/floor become wet before making the area available to passengers to use;

i. Failure to routinely inspect the stairs/floors on a reasonably timely basis;

j. Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards and sufficient lighting;

k. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall;

l. Failure to warn its passengers, such as Plaintiff, of the dangerous and/or hazardous condition(s) posed to her;

m. Failure to warn Plaintiff of the hazard(s) posed to her;

n. Failure to warn Plaintiff of the hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the area where he suffered his incident;

o. Failure to mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her incident;

p. Failure to correct the hazard(s) which caused Plaintiff to suffer her incident;

q. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her incident;

r. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to prevent slip/trip and fall incidents from occurring aboard Defendant's(s') cruise ships, including but not limited to: *Grand Celebration*;

s. Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident was corrected, modified, and/or eliminated, and/or;

t. Failure to properly train and instruct its employees/crewmembers to detect, report and remedy dangerous and/or hazardous condition(s);

u. Failing to comply with industry standards and Defendant's(s') standards for the appropriate slip resistance and/or coefficient of friction for the public flooring/stairs aboard vessels and sufficient lighting;

v. Selecting, authorizing, approving, and/or tolerating a flooring that was not reasonably slip resistant and/or unreasonable slip resistant when contaminated with a foreign substance;

w. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's(s') vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to Plaintiff becoming injured when she fell on the subject stairs;

x. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

- 6 -
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

21. At all times material hereto, Defendant(s) had exclusive custody and control of the *Grand Celebration*.

22. At all times material hereto, Defendant(s) violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

23. At all times material hereto, Defendant(s) failed to have an adequate Safety Management System Manual aboard the *Grand Celebration*, and/or failed to properly implement the Safety Management System Manual aboard the *Grand Celebration*.

24. All or some of the above acts and/or omissions by Defendant(s) and/or its agents, servants, and/or employees, caused and/or contributed to Plaintiff slipping and falling on a wet, slippery and/or hazardous flooring surface while descending the stairs on Defendant's(s') vessel.

25. Defendant(s) knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s), in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

26. As a result of the negligence of Defendant(s), Plaintiff was injured about Plaintiff's body and extremities, including but not limited to, multiple severe head and neck injuries, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs. Further, the injuries resulting from

this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant(s) and demands trial by jury.

> Respectfully submitted,
>
> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> Attorneys for Plaintiff
> One Biscayne Tower, Suite 1776
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By: */s/ Jason R. Margulies*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **JACQUELINE GARCELL**
> Florida Bar No. 104358
> jgarcell@lipcon.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

> By: */s/ Jacqueline Garcell*
> **JACQUELINE GARCELL**

- 9 -

**SERVICE LIST**
*Loetscher v. Cruise Operator, Ltd., et al.*
Case No. 18-cv-20808-KMW

**Jason R. Margulies, Esq.**
jmagulies@lipcon.com
**Jacqueline Garcell, Esq.**
jgarcell@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiff*

**Geoffrey A. Pette, Esq.**
geoff@pettepa.com
Pette P.A.
1901 W. Cypress Creek Rd., Suite 300
Fort Lauderdale, FL 33309
Tel.: (954) 530-6647
Fax: (954) 206-0938
*Attorney for Defendant Cruise Operator, Inc.
d/b/a Bahamas Paradise Cruise Line*

**Robert M. Oldershaw, Esq.**
roldershaw@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Paradise Cruise
Line Operator Ltd. Inc. a/k/a Paradise Cruise
Line Operator Ltd.*